**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION**

| | |
|---|---|
| Gloria L. Campbell and Bobby J. Campbell, Individually and as Guardians of Vanessa Renee Campbell, <br><br> Plaintiffs, <br><br> v. <br><br> The Burton Center, Jimmy Burton and Laurie Cordell, <br><br> Defendants. | Case No.: 8:20-cv-00950-BHH <br><br> **Amended Answer** |

The Defendants, The Burton Center, Jimmy Burton and Laurie Cordell, herein answering the Complaint of the Plaintiffs herein would respectfully show and allege unto the Court as follows:

**FOR A FIRST DEFENSE**

1. The Defendants would show that the Plaintiffs' Complaint fails to state facts sufficient to constitute causes of action against the Defendants and that the alleged causes of action so stated in said Complaint fail to state claims on which relief can be granted and, therefore, said Complaint should be dismissed as to the Defendants.

**FOR A SECOND DEFENSE**

2. The allegations contained in the first defense hereinabove set forth are incorporated herein and made a part of this defense by reference thereto.

3. The Defendants deny each and every allegation contained in the Plaintiffs' Complaint no hereinafter specifically admitted, modified or explained.

4. The Defendants admit, upon information and belief, the allegations contained in Paragraphs 1, 2, 3, 4, 5 and 6 of the Plaintiffs' Complaint.

1

5. The Defendants admit so much of the allegations contained in Paragraph 7 of the Plaintiffs' Complaint as alleges that Jimmy Burton and Laurie Cordell are the former and current director (respectively) of the Burton Center. The Defendants would show that the remaining allegations contained in said Paragraph 7 state conclusions of law which must be established by the Plaintiffs in this case and, therefore, no answer to those allegations is required by the Defendants. To the extent it is determined that an answer is required from the Defendants, said allegations contained in Paragraph 7 of the Plaintiffs' Complaint are denied and strict proof is demanded.

6. The Defendants admit, upon information and belief, the allegations contained in Paragraphs 8 and 9 of the Plaintiffs' Complaint.

7. The Defendants would show that the allegations contained in Paragraphs 10, 11, 12, 13 and 14 of the Plaintiffs' Complaint state conclusions of law which must be established by the Plaintiffs in this case and, therefore, no answer to those allegations is required by the Defendants. To the extent it is determined that an answer is required from the Defendants, said allegations contained in said Paragraphs 10, 11, 12, 13 and 14 of the Plaintiffs' Complaint are denied and strict proof is demanded.

8. In response to the allegations contained in Paragraph 15 of the Plaintiffs' Complaint, the Defendants incorporate herein by reference thereto their responses to Paragraphs 1 through 14 of the Plaintiffs' Complaint set forth above.

9. The Defendants admit the allegations contained in Paragraph 16 of the Plaintiffs' Complaint.

10. The Defendants admit so much of the allegations contained in Paragraph 17 of the Plaintiffs' Complaint as allege that the Defendant, Burton Center, receives federal and state funds to provide the funded services referenced in said Paragraph but would show that those funds are

received pursuant to a contract between said Defendant and the South Carolina Department of Disabilities and Special Needs ("SCDDSN").  Any remaining allegations contained in Paragraph 17 of the Plaintiffs' Complaint are denied.

11.     The Defendants admit the allegation contained in Paragraphs 18, 19 and 20 of the Plaintiffs' Complaint.

12.     The Defendants admit, based upon information and belief, the allegations contained in Paragraphs 21 and 22 Plaintiffs' Complaint.  In further answering the allegations contained in said Paragraphs, the Defendants were unaware of this incident until it was discovered during the investigation concerning the subsequent incident that occurred on July 3, 2018.

13.     The Defendants admit, based upon information and belief, so much of the allegations contained in Paragraphs 23, 24 and 25 of the Plaintiff's Complaint as alleges that Vanessa Campbell was left unattended in a bus for several hours on July 2, 2018; that the daytime outside temperature was approximately 90 degrees; that the Defendants did not provide Vanessa Campbell medical treatment that day nor notify her parents that day of the incident when she was delivered to her house that day because Defendants were unaware on that day of this incident.  The remaining allegations contained in said Paragraphs are denied and strict proof is demanded.  Further answering the allegations contained in said Paragraphs, the Defendants would show that they were not contacted by the parents of Vanessa Campbell upon their daughter's return to her house that day of any health issues pertaining to their daughter.

14.     The Defendants deny the allegations contained in Paragraph 26 of the Plaintiff's Complaint and demand strict proof thereof.

15.     The Defendants deny, as pleaded, the allegations contained in Paragraph 27 of the Plaintiff's Complaint and demands strict proof thereof.

3

16. The Defendants admit, upon information and belief, so much of the allegations contained in Paragraphs 28 and 29 of the Plaintiffs' Complaint as alleges that on July 3, 2018 Vanessa was picked up by the Burton Center's bus and brought to the Burton Center Day Program and unintentionally left unattended on the bus from approximately 8:30am to 2:00pm. The remaining allegations contained in Paragraphs 28 and 29 of the Plaintiffs' Complaint are denied and strict proof is demanded.

17. The Defendants admit, upon information and belief, the allegations contained in Paragraphs 30 and 31 of the Plaintiffs' Complaint. In further answering the allegations contained in said Paragraphs, the Defendants would show that the bus driver employee failed to verify that Vanessa had left the bus and had been escorted into the Day Program. In further answering the allegations contained in said Paragraphs 30 and 31 of the Plaintiffs' Complaint, the Defendants would further show that the employee in question was, shortly thereafter, terminated from her employment with the Burton Center.

18. The Defendants admit, upon information and belief, the allegations contained in Paragraphs 32, 33 and 34 of the Plaintiffs' Complaint.

19. The Defendants deny, as pleaded, the allegations contained in Paragraph 35 of the Plaintiffs' Complaint and demand strict proof thereof.

20. The Defendants deny the allegations contained in Paragraph 36 of the Plaintiffs' Complaint and demand strict proof thereof.

21. The Defendants deny, based upon a lack of information and belief, the allegations contained in Paragraph 37 of the Plaintiffs' Complaint. In further answering the allegations contained in Paragraph 37, the Defendants would show that Vanessa's parents were promptly notified of the event in question and of her treatment in the emergency room. Further, in a follow-

up conversation the next day, the Defendants were advised by her mother that Vanessa was doing fine. In addition, the Defendants would show that follow-up contact attempted with Vanessa by the Defendants has been denied by counsel for the Plaintiffs. Therefore, the Defendants have no knowledge of any additional medical issues and treatment concerning Vanessa.

22. The Defendants deny, based upon a lack of information and belief, the allegations contained in Paragraphs 38 and 39 of the Plaintiffs' Complaint. In further answering the allegations contained in Paragraphs 38 and 39 of the Plaintiffs' Complaint, the Defendants would show that any such incidents and/or allegations are unrelated and/or irrelevant to this case.

23. The Defendants deny the allegations contained in Paragraphs 40 and 41 of the Plaintiffs' Complaint and demand strict proof thereof.

24. In response to the allegations contained in Paragraph 42 of the Plaintiffs' Complaint, the Defendants incorporate herein by reference thereto their responses to Paragraphs 1 through 41 of the Plaintiffs' Complaint set forth above.

25. The Defendants deny the allegations contained in Paragraphs 43, 44, 45, 46, 47 and 48 of the Plaintiffs' Complaint and demand strict proof thereof.

26. In response to the allegations contained in Paragraph 49 of the Plaintiffs' Complaint, the Defendants incorporate herein by reference thereto their responses to Paragraphs 1 through 48 of the Plaintiffs' Complaint set forth above.

27. The Defendants deny the allegations contained in Paragraphs 50, 51 and 52 of the Plaintiffs' Complaint and demand strict proof thereof.

28. In response to the allegations contained in Paragraph 53 of the Plaintiffs' Complaint, the Defendants incorporate herein by reference thereto their responses to Paragraphs 1 through 52 of the Plaintiffs' Complaint set forth above.

29. The Defendants deny the allegations contained in Paragraphs 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65 and 66 of the Plaintiffs' Complaint and demands strict proof thereof.

30. In response to the allegations contained in Paragraph 67 of the Plaintiffs' Complaint, the Defendants incorporate herein by reference thereto their responses to Paragraphs 1 through 66 of the Plaintiffs' Complaint set forth above.

31. The Defendants admit, upon information and belief, the allegations contained in Paragraphs 68, 69 and 70 of the Plaintiffs' Complaint.

32. The Defendants admit the allegations contained in Paragraph 71 of the Plaintiffs' Complaint.

33. The Defendants deny the allegations contained in Paragraphs 72, 73, 74, 75, 76, 77 and 78 of the Plaintiffs' Complaint and demand strict proof thereof.

## FOR A THIRD DEFENSE

34. The allegations contained in the defenses hereinabove set forth are incorporated herein and made a part of this defense by reference thereto.

35. To the extent that the individual Defendants are sued in their individual capacity, they would allege that this action is barred as a result of the discretionary functions entrusted to them.

## FOR A FOURTH DEFENSE

36. The allegations contained in the defenses hereinabove set forth are incorporated herein and made a part of this defense by reference thereto.

37. The Defendants were acting in the course and scope of their employment and were acting in good faith and, therefore, are immune from suit.

**FOR A FIFTH DEFENSE**

38. The allegations contained in the defenses hereinabove set forth are incorporated herein and made a part of this defense by reference thereto.

39. The Defendants at no time violated any clearly established statutory or constitutional rights which were known or should have been known to them and therefore the Defendants are entitled to immunity.

**FOR A SIXTH DEFENSE**

40. The allegations contained in the defenses hereinabove set forth are incorporated herein and made a part of this defense by reference thereto.

41. Some or all of Plaintiffs' claims are barred by the Doctrine of Sovereign Immunity.

**FOR A SEVENTH DEFENSE**

42. The allegations contained in the defenses hereinabove set forth are incorporated herein and made a part of this defense by reference thereto.

43. The Defendants plead the provisions of the South Carolina Tort Claims Act, South Carolina Code §15-78-10, *et seq.*, including all of the immunities, limitations, including, but not limited to, statute(s) of limitations, and defenses granted or preserved by the Act.

**FOR AN EIGHTH DEFENSE**

44. The allegations contained in the defenses hereinabove set forth are incorporated herein and made a part of this defense by reference thereto.

45. The Defendants would show that they are not liable to the Plaintiffs in any amount based upon the limitations of liability set forth in §15-78-10, *et seq.,* of the South Carolina Code of Laws, 1976, as amended, and plead sovereign immunity as a complete defense.

## FOR A NINTH DEFENSE

46. The allegations contained in the defenses hereinabove set forth are incorporated herein and made a part of this defense by reference thereto.

47. The Defendants would show that punitive damages are not recoverable against them pursuant to §15-78-120(b) of the South Carolina Code of Laws, 1976, as amended.

## FOR A TENTH DEFENSE

48. The allegations contained in the defenses hereinabove set forth are incorporated herein and made a part of this defense by reference thereto.

49. The Plaintiffs' alleged loss results from the exercise of discretion or judgment by the Defendants; consequently, Plaintiffs' claims are barred by §15-78-60(5) of the South Carolina Tort Claims Act.

## FOR AN ELEVENTH DEFENSE

50. The allegations contained in the defenses hereinabove set forth are incorporated herein and made a part of this defense by reference thereto.

51. The doctrine of estoppel bars any claims for injuries or damages sustained by the Plaintiffs.

## FOR A TWELFTH DEFENSE

52. The allegations contained in the defenses hereinabove set forth are incorporated herein and made a part of this defense by reference thereto.

53. The Defendants place the Plaintiffs on notice that they will subsequently move to amend this Answer should it appear through discovery or continued fact investigation that additional defenses and/or claims are available and/or that amendments/revisions to any of the defenses and matters asserted therein are necessary.

WHEREFORE, having fully amended their answer to the Plaintiffs' Complaint, the Defendants pray that it be dismissed as to them and for such other and further relief as this Court deems just and proper.

                                            Respectfully submitted,

                                            s/ James W. Logan, Jr.
                                            James W. Logan, Jr.
                                            Logan & Jolly, LLP
                                            P.O. Box 259 (29622)
                                            1805 North Boulevard (29621)
                                            Anderson, South Carolina
Date:   September 1, 2020              Attorney for the Defendants